P/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

JEREMIAH SULLIVAN, *in his fiduciary capacity*;
the POINTERS, CLEANERS, & CAULKERS
WELFARE, PENSION, & ANNUITY FUNDS; the
BRICKLAYERS AND ALLIED CRAFTWORKERS
LOCAL UNION NO. 1 B.A.C.I.U., AFL-CIO; the
BRICKLAYERS & TROWEL TRADES
INTERNATIONAL PENSION FUND; and THE
INTERNATIONAL MASONRY INSTITUTE,

                            Plaintiffs,

            -against-

MARBLE UNIQUE CORP., MIROSLAW
KRULASIK, and JOHN and/or JANE DOE
FIDUCIARY,

                          Defendants.

----------------------------------------------------------------X

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 0 4 2011 ★

BROOKLYN OFFICE **ORDER**

10-CV-3582 (NGG) (LB)

NICHOLAS G. GARAUFIS, United States District Judge.

      Plaintiffs Jeremiah Sullivan, in his fiduciary capacity; the Pointers, Cleaners, & Caulkers

Welfare, Pension, & Annuity Funds; the Bricklayers and Allied Craftworkers Local Union No. 1,

B.A.C.I.U., A.F.L.-C.I.O.; the Bricklayers and Trowel Trades International Pension Fund; and

the International Masonry Institute brought this action against Defendants Marble Unique Corp.,

Miroslaw Krulasik, and John and/or Jane Doe Fiduciary.  (Compl. (Docket Entry # 1).)

Plaintiffs seek to recover unpaid employee benefit fund contributions, dues, and assessments,

and injunctive relief, pursuant to Sections 502 and 515 of the Employee Retirement Income

Security Act, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations

Act, 29 U.S.C. § 185.  (See id.)

On June 2, 2011, the court referred Plaintiffs' motion for default judgment to Magistrate

Judge Lois Bloom for a Report and Recommendation ("R&R") pursuant to 28 U.S.C.

§ 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1). (Docket Entry June 2, 2011.) On

August 30, 2011, Judge Bloom recommended that the court grant Plaintiffs' motion. (R&R

(Docket Entry # 11) at 2-5.) Judge Bloom also conducted a damages inquest and recommended

that default judgment be entered against Defendant Marble Unique Corp. for $86,337.14 in

unpaid contributions, $14,971.98 in interest on outstanding contributions, $17,267.43 in

liquidated damages on outstanding contributions, $6,650.66 in unpaid dues and assessments,

$1,089.38 in interest on outstanding dues and assessments, $8,388.50 in attorney's fees, $817.63

in costs, and $1,725.00 in audit fees. (Id. at 2, 21-25.) Judge Bloom further recommended that

Defendant Miroslaw Krulasik be held personally liable in his capacity as a fiduciary to the

Plaintiff pension funds. (Id. at 2, 18-21.)

As to Plaintiffs' request for injunctive relief, Judge Bloom recommended that it be

granted only to the extent that, within fifteen days of judgment, Defendant Marble Unique Corp.

be required to produce all books and records from July 1, 2008 through the date of judgment, so

that Plaintiffs' auditor can audit them and Plaintiffs can seek an amended judgment if necessary.

(Id. at 25-28.) Judge Bloom recommended that Plaintiffs' additional requests for injunctive

relief be denied. (Id.)

On August 30, 2011, Plaintiffs certified that they served a copy of Judge Bloom's R&R

on Defendants Marble Unique Corp. and Miroslow Krulasik. (Docket Entry # 12.) No party has

objected to the R&R, and the time to do so has now passed. See 28 U.S.C. § 636(b)(1); Fed. R.

Civ. P. 72(b)(2). In reviewing a magistrate judge's report and recommendation on a dispositive

matter, the district court "may adopt those portions of the Report to which no objections have

2

been made and which are not facially erroneous." La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000); see also Porter v. Potter, 219 F. App'x 112, 113 (2d Cir. 2007) (failure to object waives further judicial review).  Having reviewed Judge Bloom's well-reasoned R&R, the court adopts it in its entirety.

Plaintiffs' motion for default judgment is GRANTED as to Defendants Marble Unique Corp. and Miroslaw Krulasik.  The court awards damages and injunctive relief as described in Judge Bloom's R&R.  Plaintiffs' requests for additional injunctive relief are DENIED. SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
      November 4, 2011

NICHOLAS G. GARAUFIS
United States District Judge